# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JO ANN RAINBOW HEART
JOHNSON,

        Plaintiff,

v.                                  Case No:  6:17-cv-1390-Orl-41GJK

UNITED STATES OF AMERICA,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 14)** |
| **FILED:** | August 22, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **UNITED STATES OF AMERICA'S MOTION TO DISMISS (Doc. No. 15)** |
| **FILED:** | August 31, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

I.  **BACKGROUND.**

This is Plaintiff's third attempt to sue the United States of America ("Defendant") for various grievances.[1] She alleges the following claims, which are quoted from the Complaint:

> FIRST CLAIM FOR RELIEF
> THE LEGISLATIVE BRANCH IS IN DIRECT VIOLATION OF THE RESIDENCY REQUIREMEN[TS] AND BUILT-IN TERM LIMIT REQUIREMENTS OF THE CONSTITUTION WHICH CAUSES OTHER CONSTITUTIONAL VIOLATIONS
>
> SECOND CLAIM FOR RELIEF
> LOBBYING IS A VIOLATION OF THE EMOLUMENTS AND ENCREASES CLAUSES OF THE CONSTITUTION AND THE CHARTERS OF FREEDOM WHICH CAUSES OTHER VIOLATIONS
>
> THIRD CLAIM FOR RELIEF
> ILLEGAL DISPOSAL OF SACRED NATIONAL LANDS ASSETS AND RESOURCES
>
> FOURTH CLAIM FOR RELIEF
> UNCONSTITUTIONAL AND ILLEGAL FREEMASON SECRET SOCIETY
>
> FIFTH CLAIM FOR RELIEF
> REPEAL AMENDMENT XII AND AMENDMENT XXIII AS THEY QUASH THE RIGHTS OF THE STATES AND THE FEDERAL VOTING RIGHTS LAWS FOR WE THE PEOPLE TO ELECT THE EXECUTIVE BRANCH
>
> SIXTH CLAIM FOR RELIEF
> RIGGED PRESIDENTIAL ELECTIONS
>
> SEVENTH CLAIM FOR RELIEF
> ENFORCEMENT OF THE CONSTITUTION AGAINST THE EXECUTIVE BRANCH
>
> EIGHTH CLAIM FOR RELIEF
> EXPEDITED RELIEF FOR A CEASE AND DESIST ORDER TO STOP ALL WARS AS THEY ARE UNCONSTITUTIONAL
>
> NINTH CLAIM FOR RELIEF
> LOAN FORGIVENESS FOR ALL COLLEGE LOANS

---

[1] See Case Numbers 6:16-cv-1929-Orl-40TBS and 6:17-cv-64-Orl-40TBS.

>    ESPECIALLY CORINTHIAN COLLEGES
>
>    TENTH CLAIM FOR RELIEF
>    DECLARATORY JUDGMENT LEGALIZING INDUSTRIAL HEMP AND MARIJUANA IN THE UNITED STATES OF AMERICA THE MOST WHOLESOME AND NECESSARY FOR THE PUBLIC GOOD
>
>    ELEVENTH CLAIM FOR RELIEF
>    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Doc. No. 1 at 20, 33, 69, 78, 103, 107, 116, 130, 134, 143, 151. On August 22, 2017, Plaintiff filed a motion for summary judgment. Doc. No. 14. On August 31, 2017, Defendant filed a motion to dismiss, Doc. No. 15, and on September 7, 2017, Plaintiff filed a response to the motion to dismiss, Doc. No. 17.

## II. MOTION TO DISMISS STANDARD.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

### III. <u>ANALYSIS.</u>

On June 6, 2017, United States District Judge Paul G. Byron entered an order dismissing Plaintiff's second action against Defendant, which alleged similar claims to the ones in the Complaint in this case.[3] Case No. 6:17-cv-64-Orl-40TBS, Doc. No. 30. In dismissing the action, Judge Byron adopted United States Magistrate Judge Thomas B. Smith's Report and Recommendation on Defendant's motion to dismiss and made it a part of the order. *Id.* at 3. Magistrate Judge Smith's Report and Recommendation is equally applicable here.

---

[2] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] The Complaint in Case No. 6:17-cv-64-Orl-40TBS contained claims seeking to invalidate Amendments XII and XXIII of the Constitution, disqualify the President and Vice-President of the United States, stop all wars involving the United States Military, forgive all college loans, and legalize industrial hemp and marijuana, among others. Case No. 6:17-cv-64-Orl-40TBS, Doc. No. 30 at 1-2.

First, as before, Plaintiff fails to allege standing. Although she attempts to do so, *see* Doc. No. 1 at ¶¶ 37, 38, 41, 42, it is clear from the Complaint that Plaintiff is airing her "'generalized grievances about the conduct of government or the allocation of power in the Federal System.'" *United States v. Richardson*, 418 U.S. 166, 174 (1974) (quoting *Flast v. Cohen*, 392 U.S. 83, 114 (1968)). As Magistrate Judge Smith stated, "Plaintiff has not put forward any facts that would suggest that her alleged injury is particular[]ized; instead, she seeks remedy of her general grievances brought on behalf of herself and 'We the People.'" Case No. 6:17-cv-64-Orl-40TBS, Doc. No. 26 at 4.

Second, the Complaint in this case, like its predecessor in Case No. 6:17-cv-64-Orl-40TBS, violates Rule 8, as it does not contain a short and plain statement that establishes a right to relief. Just like the complaint in Case No. 6:17-cv-64-Orl-40TBS, here

> it is not sufficiently clear what Plaintiff is complaining about. Her complaint is a rambling diatribe against the federal government and its leaders that contains random thoughts and tangents loosely strung together. Plaintiff has failed to offer coherent factual allegations that could give rise to a valid cause of action. Her complaint lacks an arguable basis in law and should be dismissed for failure to state any cause of action upon which relief could be granted.

*Id.* at 4-5.

Third, this is now Plaintiff's third attempt at invalidating the results of the 2016 presidential election. *See id.* at 5. Plaintiff's previous two attempts resulted in dismissals with prejudice, as the Court has no jurisdiction to grant this relief. *Id.* Because the Complaint lacks an arguable basis in law or fact, it is frivolous and should be dismissed.[4]

---

[4] As the Complaint lacks an arguable basis in law or fact, Plaintiff's motion for summary judgment based on the allegations in the Complaint is also due to be denied.

## IV.  CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. No. 14) be **DENIED**;

2. The United States of America's Motion to Dismiss (Doc. No. 15) be **GRANTED**;

3. The Complaint be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on October 20, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties