UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JO ANN RAINBOW HEART JOHNSON,**

      **Plaintiff,**

v.                                                       Case No: 6:17-cv-1390-Orl-41GJK

**UNITED STATES OF AMERICA,**

      **Defendant.**

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 14) and the United States of America's Motion to Dismiss (Doc. 15). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 23), recommending that the Court deny Plaintiff's Motion for Summary Judgment and grant the United States' Motion to Dismiss. Judge Kelly reasoned that Plaintiff's Complaint (Doc. 1) is due to be dismissed because Plaintiff failed to allege standing and merely asserted generalized grievances and because Plaintiff's Complaint violated Federal Rule of Civil Procedure 8—it did not contain a short and plain statement establishing that she has a right to relief. (Doc. 23 at 5). Additionally, Judge Kelly noted that this case is Plaintiff's third attempt to invalidate the results of the 2016 presidential election and that her previous two cases were dismissed with prejudice. (*Id.*). Thus, Judge Kelly concluded that this Court is without jurisdiction to grant that particular request for relief. (*Id.*).

Plaintiff subsequently filed an Objection to the R&R (Doc. 24). Plaintiff argues that by submitting the R&R, Judge Kelly arbitrarily and capriciously deprived her of her constitutional right to litigate this case. However, Plaintiff wholly fails to address the reasons articulated in Judge

Kelly's R&R supporting his recommendations. Plaintiff only makes conclusory allegations in an attempt to persuade this Court to reject the R&R. For example, she argues that Judge Kelly erred in determining that her Complaint lacks an arguable basis in law or in fact because her claims are based on the Constitution. Additionally, Plaintiff—without more—states that she has standing to bring her claims and that her Complaint "absolutely complies with" Federal Rule of Civil Procedure 8. (*Id.* at 7). While it appears that Plaintiff attempts to provide a short and concise statement of facts in support of her claims, (*see id.* at 12–19), her Objection—much like her Complaint—is "a rambling diatribe against the federal government and its leaders that contains random thoughts and tangents loosely strung together." (Doc. 23 at 5). Accordingly, after a *de novo* review, the Court agrees entirely with the analysis in the R&R.

Further, as Judge Kelly noted, this is Plaintiff's third attempt to sue the United States for various grievances. (*Id.*). Plaintiff's second suit and the instant matter involved similar claims and have both been found to be frivolous. (*See generally Jo Ann Johnson v. United States*, No. 6:17-cv-64-Orl-40TBS (M.D. Fla. June 6, 2017), Doc. 30; No. 6:17-cv-1390-Orl-41GJK, Doc. 23). With that in mind, this Court recognizes that an injunction subjecting an individual's purported complaints to a pre-screening requirement is an appropriate method for defending the judicial system from abusive and vexatious litigation. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). The district court possesses considerable discretion in fashioning such an injunction; however, it may not completely foreclose the litigant from any and all access to the court. *Martin-Trigona*, 986 F.2d at 1387. Under the present circumstances, the Court determines that such an injunction is appropriate. As a result of Plaintiff's filings, this Court has been, on numerous occasions, required to divert its attention away from legitimate cases involving litigants who have complied with the relevant rules and

procedures and who wish to have their cases decided in a timely fashion. This type of vexatious litigation is an undue drain on limited judicial resources, and the Court will require that Plaintiff's future filings be pre-screened by a magistrate judge to determine if they are frivolous.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 23) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff's Motion for Summary Judgment (Doc. 14) is **DENIED**.
3. The United States of America's Motion to Dismiss (Doc. 15) is **GRANTED**.
4. The Complaint (Doc. 1) is **DISMISSED with prejudice**.
5. The Clerk is directed to close this case.

It is **FURTHER ORDERED** as follows:

1. Any future filing Plaintiff presents to the Clerk's Office in the Orlando Division for filing shall be specially handled in the following manner. Instead of filing the document on the docket, the Clerk's Office shall forward it to the senior Magistrate Judge in the Orlando Division for review and screening. The Magistrate Judge will determine whether the filing has arguable merit—that is, a material basis in law and fact. If the filing is arguably meritorious, the Magistrate Judge will direct the Clerk of Court to file the document on the docket in the ordinary fashion. In the event the senior Magistrate Judge's preliminary review results in a finding that Plaintiff's filing is frivolous, said filing will not be filed with the Court but instead will be returned to Plaintiff. Upon such a finding, Plaintiff may be subject to further sanctions, including monetary assessment.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2018.



Copies furnished to:

Counsel of Record
Unrepresented Party